UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THEODORE D. HARRIS,

        Plaintiff,                       Case No. 12-10387
                                             Honorable Thomas L. Ludington

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS**

On January 30, 2012, Theodore Harris filed a complaint against the Commissioner of Social Security. Harris requested judicial review of the Commissioner's final decision denying his claim for Social Security Disability benefits. On March 22, 2013, the Court adopted United States Magistrate Judge Michael J. Hluchaniuk's report and recommendation, granted in part Harris's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded to the Commissioner for further proceedings. The decision turned on the fact that the Administrative Law Judge (ALJ) below, employing the single decision-maker (SDM) model for adjudicating claims, did not consult with a medical expert before making a medical-equivalency determination. *See* Mar. 22, 2013 Op. & Order, ECF No. 22.

Three months later, Harris's attorney filed a motion for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Because the Commissioner's position in this case was substantially justified, Harris's motion will be denied as it relates to attorney's fees. Nevertheless, he will be awarded his costs in the amount of $350.

# I

## A

In October 2009—wracked by back and shoulder pain, complications from diabetes, and heart attacks—Harris submitted an application for disability benefits with the Social Security Administration (SSA).[1]   In his application, filed on October 22, 2009, Harris claimed his condition began interfering with his ability to work in the spring of 2009, and that he "became unable to work because of [his] disabling condition on October 16, 2009."  Admin. R. 101, ECF No. 8.

Harris's claim for Social Security benefits was denied on January 19, 2010, *id*. at 67–70, after which he filed a written request for a hearing on March 2, 2010 (pursuant to 20 C.F.R. § 404.929), Admin. R. 73.  The hearing took place on December 15, 2010 before ALJ Anthony R. Smereka.

During the hearing, Harris testified that he cannot mow his lawn, walk around the block, or even take out the garbage without experiencing chest pains.  *Id*. at 42–43.  He testified that his back pain, even while on medication, is consistently 8 out of 10.  *Id*. at 47.  He also claimed that he can only sit for "[f]ifteen minutes" before he has to get up, and spends "probably about six hours" laying down during the waking day.  *Id*. at 47–48.  Harris touched on his other physical ailments as well: the diabetes and kidney problems, his high blood pressure and heart failure, and the shoulder pain with "possible rotator cuff tear."  *Id*. at 48–50.  The ALJ then questioned Jennifer Turecki, an independent vocational expert.  *Id*. at 57–58.  She testified that, with certain

---

[1] Plaintiff filed a Title II application for a period of disability and disability insurance benefits.  Admin. R. 20.

restrictions,[2] Harris could perform jobs at the light, unskilled level and below; but could not return to his past work as an automotive technician.  *Id*. at 60.

Following the hearing, ALJ Smereka issued a decision on March 11, 2011, concluding that Harris "was not under a disability within the meaning of the Social Security Act from October 16, 2009 through the date last insured."  *Id*. at 20.  ALJ Smereka concluded that while Harris was not employed, and suffered from multiple severe impairments, those impairments did not meet or equal any of the SSA's listed impairments.  *See* 20 C.F.R. § 404.1520(a)(4)(iii).  Despite his limitations, ALJ Smereka determined that Harris could still perform some jobs.  Admin. R. 27–28.

On April 1, 2011, Harris appealed the decision by requesting a review by the Appeals Council.  After examination and consideration of additional exhibits, in a notice dated December 13, 2011, the SSA Appeals Council denied the request for review of the ALJ's decision and it became final.  *Id*. at 1–3.  Harris then filed this lawsuit.

On May 19, 2012, Harris filed a motion for summary judgment, requesting that the ALJ's decision be reversed.  On August 17, 2012, the Commissioner filed a motion for summary judgment, arguing that the ALJ's decision should be affirmed.  Both motions were referred to Judge Hluchaniuk for review.  On February 28, 2013, Judge Hluchaniuk issued a report recommending that Harris's motion be granted in part, that the Commissioner's motion be denied, and that the ALJ's decision be reversed and the case remanded for further proceedings.  Specifically, the Judge Hluchaniuk found that "the lack of an expert medical opinion on the issue of equivalency is problematic and violated the requirements of SSR 96-6p."   Report &

---

[2] The ALJ provided the following restrictions as a hypothetical: no climbing ladders, ropes, or scaffolds; no crawling; no work at unprotected heights; a relatively clean air environment; no raising the left, non-dominant upper extremity over the shoulder; and a sit/stand option.  Admin. R. 60.

Recommendation 21, ECF No. 20.  The Commissioner filed objections, which were overruled, and the report and recommendation was adopted.  *See* Mar. 22, 2013 Op. & Order.

On June 19, 2013, following this Court's decision, Harris's counsel filed a motion for attorney's fees under the EAJA.

## II

The EAJA provides that "a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States[.]"  28 U.S.C. § 2412(a)(1).  Further,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in a civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

## III

In his motion, Harris's counsel asserts that Harris is the prevailing party in this action, the Commissioner's position was not substantially justified, and his request for fees is reasonable. Pl.'s Br. 1, ECF No. 25.   The motion will be denied in part, however, because the Commissioner's position was substantially justified.  So while Harris will recover his costs ($350), attorney's fees will not be awarded.

There is little doubt Harris was the prevailing party in this action.  The Supreme Court established that a party prevails by succeeding on "any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit[.]"  *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (brackets omitted).  Harris succeeded in

obtaining the relief he sought, at least in part, and the Commissioner does not take issue with the point.  *See* Def.'s Resp. 1 (indicating that Harris "prevailed in the underlying action for judicial review of the final decision of the Commissioner[.]").

But Harris's claim that the Commissioner's position lacked substantial justification is without merit.  Indeed, the Commissioner's position was substantially justified.

Noted above, the EAJA mandates an award of attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  § 2412(d)(1)(A).  The Supreme Court has defined substantial justification as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted).  The Sixth Circuit employs the test set forth in *Pierce*.  In *United States v. Real Prop. Located at 2323 Charms Rd., Milford Twp., Oakland Cnty., Mich.*, 946 F.2d 437 (6th Cir. 1991), the court established that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  *Id.* at 440 (citing *Pierce*, 487 U.S. at 566 n.2).  In other words, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action[.]"  *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) (citation omitted).

Harris argues that the Commissioner's position lacked substantial justification because judgment was entered against it.  *See* Pl.'s Br. 3–4 ("this Court entered the Opinion and Order adopting the Magistrate Judge's Report and Recommendation.  The clerk thereafter entered judgment.  Consequently, the government's position did not have a reasonable basis in law or fact." (citations omitted)).  But a finding that "a decision of the Secretary is not supported by

substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." *Couch v. Sec'y of Health and Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984). Indeed, "the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." *Pierce*, 487 U.S. at 569.

In this case, the Commissioner's position was substantially justified. While Harris sought remand on several substantive grounds, the case was remanded for one reason alone: the only medical opinion of record came from a non-physician single decisionmaker. Harris's other grounds for relief were rejected. *See* Report & Recommendation 27–34.

And while this Court ultimately determined that the "great weight of authority holds that a record lacking any medical expert opinion on equivalency requires a remand," Mar. 22, 2013 Op. & Order 13 (collecting cases), it was also clear "there is case authority landing on both sides of the question." *Id*.

In fact, the Commissioner produced the following cases in support of the conclusion that an ALJ is not required to obtain medical evidence on the issue of equivalency in cases using the SDM model: *Gallagher v. Comm'r of Soc. Sec.*, No. 10–cv–12498, 2011 WL 3841632 (E.D. Mich. Mar. 29, 2011); *Timm v. Comm'r of Soc. Sec.*, No. 10–cv–10594, 2011 WL 846059 (E.D. Mich. Feb.14, 2011); and *Oakes v. Barnhart*, 400 F. Supp. 2d 766, 777 (E.D. Pa. 2005). So while the Court ultimately concluded otherwise, the Commissioner "had a rational ground for thinking it had a rational ground for its action[.]" *Shalala*, 39 F.3d at 177 (citation omitted). Attorney's fees under the EAJA will not be awarded.

Harris will, on the other hand, recover his costs. Section 2412(a) establishes that costs "may be awarded to the prevailing party in any civil action brought . . . against the United

States[.]"  Harris claims $350 incurred as filing fees.  *See* Pl.'s Br. 7.  The EAJA, through 28 U.S.C. § 1920, specifically envisions costs to include "[f]ees of the clerk[.]"  Because Harris was forced to part with this sum in order to vindicate his rights, it will be returned to him.

**IV**

Accordingly, it is **ORDERED** that Harris's motion and supporting memorandum for attorney's fees and costs, ECF Nos. 24 and 25, are **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that the Commissioner is **DIRECTED** to remit $350 to Plaintiff, representing his costs in this matter.

Dated: July 11, 2013                                          s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2013.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS