UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THEODORE D. HARRIS,

        Plaintiff,                                Case No. 12-10387
                                                               Honorable Thomas L. Ludington

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

On March 22, 2013, the Court entered an Opinion and Order granting in part Theodore Harris's motion for summary judgment, reversing the Commissioner of Social Security's decision to deny benefits, and remanding the case for further proceedings. *See* Mar. 22, 2013 Op. & Order, ECF No. 22. The Court entered judgment the same day.

Subsequent to that decision, Harris's counsel moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Counsel sought "an award of attorney fees of $8,174.17" and the "recovery of costs of $350.00 for the filing fee[.]" Pl.'s Mot. Fees 1, ECF No. 24. The Court granted the motion in part, awarding Harris $350 in costs. *See* July 11, 2013 Order 1, ECF No. 28. However, because "the Commissioner's position in this case was substantially justified," the Court denied Harris's request for attorney's fees. Fourteen days after the order was entered, Harris brought the pending motion for reconsideration "[p]ursuant to Rule 59(e) of the Federal Rules of Civil Procedure . . . and alternatively Rule 60(b)[.]" Pl.'s Mot. 1, ECF No. 29. Harris's motion is without merit, and it will be denied.

**I**

On January 30, 2012, Harris filed a complaint against the Commissioner. He requested judicial review of the Commissioner's final decision denying his claim for Social Security Disability benefits. The Court adopted United States Magistrate Judge Michael J. Hluchaniuk's report and recommendation, granted in part Harris's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded to the Commissioner for further proceedings. The decision turned on the fact that the Administrative Law Judge (ALJ), employing the single decisionmaker model for adjudicating claims, did not consult a medical expert before making a medical-equivalency determination. *See* Mar. 22, 2013 Op. & Order.

The Equal Access to Justice Act (EAJA) provides that "a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States[.]" 28 U.S.C. § 2412(a)(1). Further,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in a civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In his motion for fees, Harris emphasized that he was the prevailing party in this action. There is little doubt that this is the case. The Supreme Court established that a party prevails by succeeding on "any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit[.]" *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (brackets omitted). Harris succeeded in obtaining the relief he sought, at

least in part, and the Commissioner did not take issue with the point. *See* Def.'s Resp. Fees 1, ECF No. 27 (indicating that Harris "prevailed in the underlying action for judicial review of the final decision of the Commissioner[.]").

Harris also contended that the Commissioner's position lacked substantial justification, and therefore attorney's fees were warranted. His conclusion was based on the fact that judgment was entered against the Commissioner. *See* Pl.'s Br. Fees 3–4 ("this Court entered the Opinion and Order adopting the Magistrate Judge's Report and Recommendation. The clerk thereafter entered judgment. Consequently, the government's position did not have a reasonable basis in law or fact." (citations omitted)).

But a finding that "a decision of the Secretary is not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." *Couch v. Sec'y of Health and Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984). Indeed, "the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." *Pierce v. Underwood*, 487 U.S. 552, 569 (1988).

In *United States v. Real Prop. Located at 2323 Charms Rd., Milford Twp., Oakland Cnty., Mich.*, 946 F.2d 437 (6th Cir. 1991), the Sixth Circuit established that a position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 440 (citing *Pierce*, 487 U.S. at 566 n.2). In other words, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action[.]" *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) (citation omitted).

Pursuant to this guidance, the Court disagreed with Harris and concluded that the Commissioner's position *was* substantially justified in this case. Although the Court ultimately determined that the "great weight of authority holds that a record lacking any medical expert opinion on equivalency requires a remand," Mar. 22, 2013 Op. & Order 13 (collecting cases), it was also clear "there is case authority landing on both sides of the question." *Id*. Accordingly, the Commissioner "had a rational ground for thinking it had a rational ground for its action[.]" *Shalala*, 39 F.3d at 177 (citation omitted). Harris's motion was then denied as it related to attorney's fees.

## II

Harris brings his motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Rule 59(e) provides that a party may bring a "motion to alter or amend a judgment . . . 28 days after the entry of the judgment." Relevant to Harris's motion, Rule 60(b) provides that "the court may relieve a party or its legal representative for a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[1]

But the Court did not enter a judgment after addressing Harris's motion for costs and attorney's fees. And application of Rule 59(e) requires exactly that. As noted by Wright & Miller, "Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the *judgment*." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (3d ed. 2012) (emphasis added); *see also Moodie v. Fed. Reserve Bank of New York*, 835 F. Supp. 751, 752 (S.D.N.Y. 1993) ("The present motion is inappropriate under Rule 59 because the Bank's earlier motion for summary judgment was denied, hence no judgment was entered on

---

[1] Aside from Rule 59(e), Harris indicates "the relief sought is warranted pursuant to Rule 60(b)(6), which permits amendment for 'any other reason that justifies relief.' It is beyond doubt that this Court has the authority to amend its own order." Pl.'s Mot. 2.

which the Bank could bring a motion to alter or amend."). Harris does not want a judgment to be altered, but rather the Court's July 11, 2013 Order. Thus, Rule 59(e) motion is inapplicable.

Noted above, however, Rule 60(b) does permit a court to relieve a party from an order as well as a judgment. Thus, Harris's motion will be addressed pursuant to Rule 60(b).

**III**

Harris argues that the Commissioner's position was not justified because "the authority relied upon by the Court as demonstrating substantial justification was not invoked by the government during the crucial phase of this litigation." Pl.'s Mot. 4. Specifically, Harris complains that "[t]he government did not show that the legal theory it articulated before the Magistrate Judge should be deemed reasonable and substantially supported." *Id*.

Harris's attempt to isolate the inquiry to the proceedings before the Magistrate Judge is erroneous. As noted by the Supreme Court, "[a]ny given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—*favors treating a case as an inclusive whole, rather than as atomized line-items*." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990) (emphasis added) (collecting cases). Indeed, § 2412(d)(1)(A)

> refers to an award of fees "in any civil action" without any reference to separate parts of the litigation, such as discovery requests, fees, or appeals. The reference to "the position of the United States" in the singular also suggests that the court need make only one finding about the justification of that position.

*Jean*, 496 U.S. at 159. Therefore, "only one threshold determination for the entire civil action is to be made." *Id*. So even if the government did not cite the cases the Court relied upon before Judge Hluchaniuk, it did at other stages of the case. Failing to cite that authority during one phase does not foreclose a finding that its overall litigation position was substantially justified.

Moreover, Harris forgets that three of the four grounds he raised were decided in the government's favor. While Harris sought remand on several substantive grounds, the case was remanded for one reason alone: the only medical opinion of record came from a non-physician single decisionmaker. Harris's other grounds for relief were rejected. *See* Report & Recommendation 27–34, ECF No. 20. The Sixth Circuit has established that victory on several grounds, if not all, renders the government's position "substantially justified." In *Green v. Comm'r of Soc. Sec.*, 52 F. App'x 758 (6th Cir. 2002), the court indicated as follows:

> As the district court noted, the Commissioner's decision was substantially justified. The government was successful in defending the Commissioner's decision as to his evaluation regarding Green's lack of grip strength, environmental restrictions, and reliability of several of her doctors. Furthermore, the court found that the medical evidence did not support her testimony about her complaints of pain. Rather, the district court remanded the request for benefits to the Commissioner for further development of the record as to whether Green could perform light work. *As the government was successful in defending the Commissioner's decision on several issues, the government's position was substantially justified and the denial of attorney's fees under the EAJA was not an abuse of discretion.*

*Id.* at 759 (emphasis added). The logic applies here with equal force. The government's litigation position, as a whole, was substantially justified, and attorney's fees are therefore not warranted.

**IV**

Accordingly, it is **ORDERED** that Harris's motion for reconsideration, ECF No. 29, is **DENIED**.

Dated: September 16, 2013                                       s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 16, 2013.

       s/Tracy A. Jacobs
       TRACY A. JACOBS